UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CLEMENTS,<br><br>           Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC. and DOES 1 through 100, Inclusive,<br><br>           Defendants. | Case No.  CV14-06025-CAS (SH)<br><br>**DISCOVERY MATTER**<br><br>**ORDER ON PARTIES' STIPULATION FOR PROTECTIVE ORDER** |

**Recitals and Basis of Order:**

A.     The parties to this action, Defendant WAL-MART STORES, INC. ("Wal-Mart" or "Defendant") and Plaintiff CHRISTOPHER CLEMENTS ("Plaintiff") (collectively the "Parties") are conducting discovery, which has and may include the production of documents, the answering of interrogatories and requests for admission, the taking of testimony by oral deposition and examination, and third-party subpoenas;

B.     The Parties assert that certain documents and information responsive to the discovery contain material non-public financial information, personal employment records of non-Party individuals, or other private, confidential or proprietary or trade secret information, disclosure of which might result in

1  irreparable harm to the respective Parties or third parties. Although propounding
2  Parties may be entitled to the discovery sought, the Parties assert that any such
3  information should remain non-public and protected;

4      C.    The Parties therefore seek to reasonably limit disclosure of such non-
5  public and protected information; and

6      D.    The Parties have requested an Order based on their Stipulated
7  Protective Order.

8  **Order:**

9      1.    In this Stipulation and Protective Order, the words set forth below
10  shall have the following meanings:

11        a.    "Proceeding" means the above-entitled proceeding (Case No.
12  CV14-06025-CAS).

13        b.    "Court" means the Hon. Christina A. Snyder, Magistrate Judge
14  Stephen Hillman, or any other judge to which this Proceeding may be assigned,
15  including Court staff participating in such proceedings.

16        c.    "Confidential" means any information which is in the
17  possession of a Designating Party who believes in good faith that such information
18  is entitled to confidential treatment under applicable law.

19        d.    "Confidential Materials" or "Confidential Information" means
20  any Documents, Testimony or Information as defined below designated as
21  "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

22        e.    "Designating Party" means the Party that designates Materials
23  as "Confidential."

24        f.    "Disclose" or "Disclosed" or "Disclosure" means to reveal,
25  divulge, give, or make available Materials, or any part thereof, or any information
26  contained therein.

27        g.    "Document" or "Documents" means (i) any "Writing,"
28  "Original," and "Duplicate" as those terms are defined by Federal Rule of Evidence

1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

        h.    "Information" means the content of Documents or Testimony.

        i.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

3. This Stipulation and Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

        a.    Any and all Documents referring or related to confidential and proprietary human resources or business information; financial records of the Parties; compensation of Wal-Mart's current or former personnel; policies, procedures and/or training materials of Wal-Mart; and/or Wal-Mart's organizational structure, and Documents related to third parties;

        b.    Any Documents from the personnel, medical or workers' compensation file of any current or former employee or contractor, specifically excluding Documents from Plaintiff's personnel, medical, and/or workers' compensation files;

        c.    Any Documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors, specifically excluding Documents relating to the medical and/or health information of Plaintiff;

        d.    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

4. Any Documents, Testimony or Information to be designated as Confidential must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the designation of Confidential Information produced shall be made by placing the following legend on the face of the Document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. The Designating Parties will use their best efforts to limit the number of Documents designated Confidential.

    b. For Testimony given in depositions the Designating Party may either:

        i. identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

        ii. designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or

DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

5. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

6. Qualified recipients shall include only the following:

    a. the Court;

    b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

    c. those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such

person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

       d.    court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

       e.    any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

       f.    any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

       g.    Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

       h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached to the Stipulated Protective Order as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order

by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

      i.    The parties to this litigation, their officers and professional employees.

7. Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose Confidential Information. Persons to whom Confidential Information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve their dispute, the non-designating counsel may present a motion to the Court objecting to such status. The information shall continue to have Confidential status during the pendency of any such motion.

8. No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action. Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

9. All information produced in this action, whether deemed Confidential or not, shall be used only for purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any

other purpose.

10. The Protective Order shall likewise govern all materials deemed "Attorneys' Eyes Only", which materials shall include any Documents containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information.

Qualified recipients of Documents marked "ATTORNEYS' EYES ONLY" shall include only the following: In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each.

11. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the Document shall give written notice of such inadvertent production within twenty-one (21) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such

1  destruction within ten (10) days of receipt of written notice of the inadvertent
2  production. This provision is not intended to apply to any inadvertent production of
3  any Information protected by attorney-client or work product privileges. In the
4  event that this provision conflicts with any applicable law regarding waiver of
5  confidentiality through the inadvertent production of Documents, Testimony or
6  Information, such law shall govern.

7      12.    The disclosure or production of any Documents subject to a legally
8  recognized claim of privilege (including, without limitation, the attorney-client
9  privilege, work-product doctrine, or other applicable privilege) shall be protected
10 and excluded from argument from any party that:

11     a.    the disclosure was not inadvertent by the Producing Party;

12     b.    the Producing Party did not take reasonable steps to prevent the
13 disclosure of privileged Documents;

14     c.    the Producing Party did not take reasonable or timely steps to
15 rectify such Disclosure; and/or

16     d.    such disclosure acts as a waiver of applicable privileges or
17 protections associated with such Documents.

18     13.    The termination of this action shall not relieve the parties and persons
19 obligated hereunder from their responsibility to maintain the confidentiality of
20 information designated confidential pursuant to this Stipulation and Protective
21 Order.

22     14.    Upon termination of this action by entry of a final judgment (inclusive
23 of any appeals or petitions for review), the parties may request the return of all
24 previously furnished Confidential Information, including any copies thereof, and
25 each person or party to whom such Confidential Information has been furnished or
26 produced shall be obligated to return it within thirty (30) days of said request.
27 Notwithstanding the aforementioned obligation, counsel for the parties may keep a
28 copy of said Documents pursuant to each of his or her responsibilities under

California Rules of Professional Conduct and/or legal requirements and/or obligations.

15. Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation or admissibility of any Document, material, transcript, or other information.

16. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own confidential material as it deems appropriate. Nothing in this Protective Order shall be deemed to restrict in any way any party's own Documents or information, or the party's attorneys with respect to that party's own Documents or information.

17. Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

18. The Protective Order is entered pursuant to the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: November 04, 2014

*[signature]*

Stephen J. Hillman
U.S. District Court Magistrate Judge